Dear Mr. Antonio:
This letter is in response to your request for an official Attorney General's opinion. We have not taken into consideration the language of House Bill No. 583, 80th General Assembly, because it operates prospectively only and therefore would have no bearing on the questions that you pose to us as applied to the counties of Saline, Lafayette, Johnson and St. Charles.
I understand your question to be as follows:
 What is the present county classification of Saline, Lafayette, Johnson and St. Charles Counties, and what date did each county attain its present classification?
As you know, pursuant to Section 48.040, RSMo 1978, the state auditor is required to ascertain if any county has changed classification and if so to notify the appropriate elected county officials of such status change.
Section 48.020, RSMo 1978, provides in part as follows:
 Class 1. All counties having an assessed valuation of four hundred million dollars and over shall automatically be in the first class after that county has maintained such valuation for the time period required by section 48.030. All counties having an assessed valuation of three hundred million dollars and over shall be in the first class after that county has maintained such valuation for the time period required by section 48.030, unless a majority of the qualified electors of the county voting at an election held for that purpose elect to remain in the second class until the county achieves an assessed valuation of four hundred million dollars for the specified time period.
It is our understanding that your office determined that St. Charles County had attained the assessed valuation of three hundred million dollars and had maintained that assessed valuation for a period of three years as called for by Section 48.030, RSMo 1978. Accordingly, by letter dated February 7, 1978, you notified the appropriate elected officials that unless an election was held pursuant to Section 48.020, cited above, St. Charles County would automatically become a first class county January 1, 1979. It is our understanding that no election was held by the residents of St. Charles County pursuant to the aforesaid section and accordingly it attained a status of first class county effective January 1, 1979.
Section 48.020, RSMo 1978, provides in part:
 Class 2. All counties having an assessed valuation of one hundred twenty-five million dollars and less than the assessed valuation necessary for that county to be in the first class shall automatically be in the second class after that county has maintained such valuation for the time period required by section 48.030. All counties having an assessed valuation of seventy million dollars and over shall be in the second class after that county has maintained such valuation for the time period required by section 48.030, unless a majority of the qualified electors of the county voting at an election held for that purpose elect to remain in the third class until the county achieves an assessed valuation of one hundred twenty-five million dollars for the specified time period.
It is our understanding that by letter dated February 7, 1978, you notified the appropriate elected officials of Saline, Lafayette and Johnson Counties that their respective counties had attained an assessed valuation of seventy million dollars and had maintained said assessed valuation for a period of five years and therefore effective January 1, 1979, would become counties of the second class unless a vote was held pursuant to the aforesaid section. It is our further understanding that at the general election on November 6, 1978, an election was held in each of the three counties referred to and in each case the voters of said counties voted to remain a third class county in spite of having attained the assessed valuation of seventy million dollars.
Thus, the principal question to be answered is whether the county classification status of Saline, Lafayette, Johnson and St. Charles Counties is in any way affected by the decision of the Missouri Supreme Court rendered in Russell v. Callaway County,575 S.W.2d 193, 199 (Mo. 1978). The pertinent part of the court's decision as it applies to the question you have presented is as follows:
 We thus conclude that § 48.020.2 is unconstitutional because it provides for the creation of a fifth and sixth classification of counties, that is, those counties, like Callaway, which despite an assessed valuation of between seventy and one hundred twenty-five million dollars remain in the third rather than move to the second class because of a vote of the electorate, and these counties, like Jefferson, which despite an assessed valuation of between three hundred and four hundred million remain in the second rather than move to the first class because of a vote of the electorate, in violation of Mo. Const. art. VI, § 3.
 The elections held pursuant to § 48.020.2, on November 7, 1978, are nullities and should not have been held. Callaway County will become a second class county on January 1, 1979, and Jefferson County will become a first class county on January 1, 1979.
In reaching this decision the court relied upon a previous decision in Chaffin v. County of Christian, 359 S.W.2d 730
(Mo. Banc 1962), in which a unanimous Supreme Court made a similar ruling. The only distinction between the statute inChaffin, supra, and the statute in Russell, supra, is that theChaffin statute made the election mandatory whereas the Russell
statute made the election discretionary. However, the court inRussell, supra, made it very clear in its decision that such distinction was insignificant because the law as reflected by the statutes ultimately made the determination whether a classification was changed.
An analysis of the unanimous Supreme Court decision in Russell,supra, contains no evidence of any language by the court holding that the seventy million dollar assessed valuation was no longer applicable and enforceable. On the contrary, the clear language of the court as set out above establishes that the only thing declared unconstitutional by the court in Russell, supra, was the requirement for the election as specifically set out in Section 48.020.2.
Accordingly, since your office has determined that St. Charles County has attained an assessed valuation of three hundred million dollars and maintained that assessed valuation for the period required under Section 48.030, it is the opinion of this office that St. Charles County is a first class county and attained that status on January 1, 1979.
In addition, since your office has determined that the assessed valuation of Saline, Lafayette and Johnson Counties individually has reached seventy million dollars and that assessed valuation has been maintained for the period required under Section 48.030, then each of the three counties of Saline, Lafayette and Johnson is now a county of the second class and attained that classification effective January 1, 1979.
Respectfully,
 JOHN ASHCROFT Attorney General